Michael J. Frevola
Chester D. Hooper
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200

ATTORNEYS FOR PLAINTIFF
LAIWU STEEL CORPORATION



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LAIWU STEEL CORPORATION,

   Plaintiff,

-against-

AL-FAQIH GENERAL TRADING, a/k/a AL-FAQIH FOR TRADING, a/k/a AL-FAQIH FOR GENERAL TRADING,

   Defendant.

---

07 Civ. 

**VERIFIED
COMPLAINT**

Plaintiff, Laiwu Steel Corporation ("Laiwu" or "Plaintiff"), by and through its attorneys, Holland & Knight LLP, for its verified complaint against Al-Faqih General Trading, a/k/a Al-Faqih for Trading, a/k/a Al-Faqih for General Trading ("Al-Faqih" or "Defendant"), alleges, upon information and belief, as follows:

   1.   This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.  At all times material herein, plaintiff Laiwu was and is a business entity organized and existing under the laws of the People's Republic of China and maintains a place of business at Gangcheng District, Laiwu City, Shandong, China.

3.  Upon information and belief, at all times material herein, defendant Al-Faqih is and was a business entity organized and existing under the laws of the Republic of Yemen.

4.  On or about March 20, 2007, Laiwu entered into a contract with an entity named Eldon Development Ltd. for the sale of about 10,000 metric tons of newly produced hot rolled deformed reinforced steel bars (the "Cargo").

5.  Upon information and belief, Eldon Development Ltd. entered into subsequent contracts with other business entities for the further sale of the Cargo.

6.  In July 2007, Laiwu loaded the Cargo aboard the M/V YASMINA (the "Vessel") for shipment of the Cargo to Aden, Yemen. The Vessel issued to Laiwu Bill of Lading YM344LADE03 (the "Bill of Lading"), which reflected the quantity of the Cargo as 10,159.096 metric tons. A true copy of the Bill of Lading is annexed as Exhibit 1.

7.  On August 19, 2007, after the Vessel had arrived in the port of Aden, Yemen, Al-Faqih obtained an order from the local court authorizing the attachment of the Cargo. The basis for the attachment purportedly was to secure Al-Faqih's claims against the owner of the Vessel. A true copy of the English translation of the Yemeni court's attachment order is annexed as Exhibit 2.

8.  Laiwu has not been paid for the Cargo by anyone and has not surrendered the original Bill of Lading which constitute title to the Cargo. Laiwu therefore remains the titular and actual owner of the Cargo.

## COUNT I

## CONVERSION

9. Laiwu incorporates by reference Paragraphs 1 through 8 above.

10. Al-Faqih has been, and still is, exercising dominion and/or control over Laiwu's Cargo by maintaining its attachment on the Cargo.

11. Although Laiwu has made Al-Faqih aware of Laiwu's ownership of the Cargo and repeatedly has demanded that Al-Faqih release the Cargo, Al-Faqih has refused to comply with Laiwu's demand, which refusal is inconsistent with Laiwu's rights thereto.

12. Al-Faqih's refusal to release the Cargo, despite Laiwu being the titular and actual owner of Cargo, constitutes the tort of conversion.

13. As a result of Al-Faqih's conversion of the Cargo, Laiwu has been damaged in the principal amount of $5,242,948.38.

## COUNT II

## TORTIOUS INTERFERENCE WITH CONTRACT

14. Laiwu incorporates by reference Paragraphs 1 through 8 above.

15. Al-Faqih knew that Laiwu had a contract with third parties for the sale of the Cargo.

16. Al-Faqih intentionally and knowingly induced Eldon Development Ltd. to fail to pay Laiwu under the Laiwu/Eldon Development sales contract.

17. Al-Faqih's inducing Eldon Development Ltd. to fail to pay Laiwu was committed without any reasonable justification or excuse.

18. Al-Faqih's inducing Eldon Development Ltd. to fail to pay Laiwu has caused Laiwu to sustain damages in the principal amount of $5,242,948.38.

## COUNT III

## WRONGFUL ATTACHMENT AND/OR ABUSE OF PROCESS

19. Laiwu incorporates by reference Paragraphs 1 through 8 above.

20. Al-Faqih's claims in the Yemeni court do not state a claim against Laiwu.

21. Laiwu has advised Al-Faqih that Laiwu is the actual and titular owner of the Cargo and, therefore, Al-Faqih has no right to attach the Cargo as security for claims against others.

22. Al-Faqih's attachment of Laiwu's Cargo, despite not having sufficient information to demonstrate that the Cargo was owned by the actual defendant sued by Al-Faqih in the Yemeni court, was grossly negligent, malicious, or committed in bad faith or with reckless disregard for the rights of Laiwu, for the purpose of harassing Laiwu and coercing Laiwu into providing a security to secure payment of any judgment that Al-Faqih may obtain against the actual defendant in the Yemeni court proceeding.

23. Al-Faqih's actions in attaching Laiwu's Cargo, despite Laiwu's not being a defendant in the Yemeni court proceeding and not having any liability to Al-Faqih, constitute wrongful attachment, as a result of which Laiwu has sustained direct damages in the amount of in the principal amount of $5,242,948.38.

24. Al-Faqih's actions in attaching Laiwu's Cargo, despite Laiwu's not being a defendant in the Yemeni court proceeding and not having any liability to Al-Faqih, constitute wrongful attachment, as a result of which Laiwu also has sustained consequential and/or special damages in the form of attorneys' fees and expenses incurred in seeking to free the Cargo from the wrongful attachment in an amount estimated to be $500,000.

25.  Additionally, Al-Faqih's actions in refusing to release the Cargo subsequent to the attachment after being made aware of the ownership of the Cargo, constitute an abuse of process, in that even if Al-Faqih's obtaining of the attachment order was otherwise proper, its use of the at process now is for a wrongful purpose, namely the restraining of funds owned by parties not properly defendants to the Yemeni court proceeding, as a result of which Laiwu has sustained the aforementioned damages in the amount of $5,742,948.38.

**Cumulative Total of Damages and Relief Sought**

26.  Laiwu Steel Corporation also is entitled to recover interest, which amount is estimated to be $1,335,235.50, as set forth below:

Interest:                $1,335,235.50 ($5,742,948.38 x 0.0775/year x 3 years)

Total Principal Claim:     $5,742,948.38

Total Sought:              **$7,078,183.88**

27.  Al-Faqih is not found within the Southern District of New York but does have assets, good or chattels within the jurisdiction, to wit: funds or accounts held in the name of Al-Faqih General Trading and/or Al-Faqih for Trading and/or Al-Faqih for General Trading with, upon information and belief, the following financial institutions: Bank of America, N.A.; The Bank of New York; Citibank, N.A.; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; JPMorgan Chase Bank, N.A.; UBS AG; Wachovia Bank, N.A.; Société Générale; Standard Chartered Bank; BNP Paribas; Calyon Investment Bank; American Express Bank; Commerzbank; ABN Amro Bank; Bank Leumi USA; Banco Popular; China Trust Bank; Great Eastern Bank; Industrial Bank of Korea; Nara Bank; Shin Han Bank; United Orient Bank; or any other financial institution within the Southern District of New York.

WHEREFORE, Laiwu Steel Corporation prays:

1.  That a summons with process of attachment and garnishment may issue against the defendant, Al-Faqih General Trading, a/k/a Al-Faqih for Trading, a/k/a Al-Faqih for General Trading; and if defendant cannot be found, then that its goods, chattels and credits within the district, and particularly all bank accounts and other property of Al-Faqih General Trading and/or Al-Faqih for Trading and/or Al-Faqih for General Trading with the financial institutions noted above in paragraph 27, may be attached in an amount sufficient to answer plaintiff's claim;

2.  That a judgment may be entered in favor of Laiwu Steel Corporation and against Al-Faqih General Trading, a/k/a Al-Faqih for Trading, a/k/a Al-Faqih for General Trading in the amount of US$7,078,183.88 (including estimated interest), and that a decree of condemnation may be issued against the property and credits of the defendant, Al-Faqih General Trading, a/k/a Al-Faqih for Trading, a/k/a Al-Faqih for General Trading for the amount of plaintiff's claim, with interest; and

3.  That this Court grant Laiwu Steel Corporation such other and further relief which it may deem just and proper.

Dated: New York, New York
       December 21, 2007

                              HOLLAND & KNIGHT LLP

By: *[signature]*
                              Michael J. Frevola
                              Chester D. Hooper
                              Lissa Schaupp
                              195 Broadway
                              New York, NY 10007-3189
                              Tel:   (212) 513-3200
                              Fax:  (212) 385-9010

                              *Attorneys for Plaintiff*
                              *Laiwu Steel Corporation*

## VERIFICATION

STATE OF NEW YORK        )
                         :ss.:
COUNTY OF NEW YORK       )

MICHAEL J. FREVOLA, being duly sworn, deposes and says:

I am a member of the firm of Holland & Knight LLP, counsel for Laiwu Steel Corporation ("Laiwu"), plaintiff in the foregoing action. I have read the foregoing Verified Complaint and know the contents thereof, and the same are true and correct to the best of my knowledge. I have reviewed documentation provided to me by Laiwu Steel Corporation and corresponded with Laiwu Steel Corporation's representatives regarding this matter. I am authorized by Laiwu Steel Corporation to make this verification, and the reason for my making it as opposed to an officer or director of Laiwu Steel Corporation is that there are none within the jurisdiction of this Honorable Court.

_____
Michael J. Frevola

Sworn to before me this
21st day of December, 2007

_____
Notary Public

Elvin Ramos
Notary Public, State of New York
NO. 01RA4870243
Qualified in Queens County
Certificate filed in New York County
Commission Expires September 2, 2010

**EXHIBIT 1**

8. NOV. 2007 15:27                                                                                      NO. 208    P. 1

| LAIWU STEEL CORPORATION<br>GANGCHENG DISTRICT LAIWU CITY,<br>SHANDONG, P.R.CHINA | BILL OF LADING<br>CARRIER:<br>QUAY SUCCESS LTD,BVI | B/L NO. M344LADE08<br>Nationality of Ocean Vessel |
|---|---|---|
| Consignee<br>TO ORDER | Shipped on board the vessel named herein in apparent good order and condition (unless otherwise indicated) the goods or packages specified herein and to be discharged at the above mentioned port of discharge or as near thereto as the vessel may safely get and be always afloat.<br>The weight, measure, marks, numbers, quality, contents and value, being particulars furnished by the shipper, are not checked by the Carrier on loading. The Shipper, Consignee, and the Holder of this Bill of Lading hereby expressly accept and agree to all printed, written or stamped provisions, exceptions and conditions of this Bill of Lading, including those on the back hereof. One of the Bills of Lading duly endorsed must be surrendered in exchange for the goods or delivery order.<br>In witness whereof, the Carrier or his Agents has signed Bills of Lading all of this tenor and date, one of which being accomplished, the others to stand void.<br>Shippers are requested to note particularly the exceptions and conditions of this Bill of Lading with reference to the validity of the insurance upon their goods. | |
| Notify Address<br>ELDON DEVELOPMENT LTD. | | |
| Pre-carriage by | Place of Receipt by Pre-carrier | |

| Ocean Vessel<br>YASMINA V.344 | Port of Loading<br>LIANYUNGANG,CHINA PORT | | Original | |
|---|---|---|---|---|
| Port of Discharge<br>PORT OF ADEN | Final destination (if goods to be transhipped at port of discharge) | Freight payable at | Number of original B(s)/L<br>THREE | |
| Marks & Nos./Container Nos. | Number and kind of packages; description of goods | | Gross weight kgs | Measurement m³ |
| N/M | NEWLY PRODUCED HOT ROLLED DEFORMED REINFORCING BARS OF STANDARD BS4449-1997 G460B,<br>ALL IN 12 METER LENGTH STRAIGHT<br>TOTAL THEORETICAL WEIGHT: 10159.096 MT<br>TOTAL NUMBER OF BUNDLES: 5312<br>1) STEEL BAR RUST SPOTS APPARENT AFFECTED 3453 BUNDLES<br>2) STEEL BAR RUSTY ON THE SURFACE AFFECTED 334 BUNDLES<br>3) STEEL BAR RUSTY PARTLY ON THE SURFACE AFFECTED 1326 BUNDLES<br>4) SCRATCHED SLIGHTLY ON THE SURFACE.<br>5) BUNDLE PIECES BENT ALONG ENTIRE LENGTH AND/OR ON END AFFECTED 251 BUNDLES<br>6) 1 TO 2 PACKING STEEL STRIP BROKEN AFFECTED 112 BUNDLES<br>7) QUANTITY AS PER LIANYUNGANG TALLY WEIGHT AS PER SHIPPER,QUALITY UNKNOWN.<br>FREIGHT PREPAID | | 10159.096MT | |
| TOTAL PACKAGES(IN WORDS) | SAY FIVE THOUSAND THREE HUNDRED AND TWELVE BUNDLES ONLY | | | |
| Freight and charges | | Place of B(s)/L issue | | Dated |
| FREIGHT PREPAID | | LIANYUNGANG,CHINA   JUL 10, 2007 | | |
| | | Signed for the Carrier<br>AS AGENT FOR THE CARRIER:<br>LIANYUNGANG CHINALAND SHIPPING AGENCY CO.,LTD | | |

* Applicable only when document used as/a Through Bill of Lading

(PGC FORM 02) Printed in 1-1988

# EXHIBIT 2

In the name of Allah, the most Merciful, the most Compassionate
The Republic of Yemen
The first instance commercial court / Aden
Demand of detention No. (8) for 1427 H/ 2006

Requester of the detention /   Al-Faqih General Trading
                               Residence /Lahej Gov. Aden -Taiz Road
                               By authorizing the advocate / Kamel Hayel Abdulwadood
                               Residence/ Al-Ma'alla Hafoon Narool Building,
                               Apartment No. 4 Aden Gov.

## Against

The person who the detention is against him owners of M/v Yasmina
By the seaman attorney / Sheibah Al-Gazeerah navigation Company

The occupation / Merchant
The residence / Building of the Sheba International navigation Company, Hafoon Al-Ma'alla Aden Gov.

The order issued on Sunday 6 Sha'aban 1428 H corresponding to 19/8/2007

After being acquainted with the demand and its enclosures, and after presenting the sufficient guarantee and pursuant to rules of the articles (385 and 387) para. (1) of the procedure law and the civil implementation, we ordered of the following :-

1. Approving the demand which is presented by the applicant Al-Faqih General Trading through the attorney Kamel Hayel Abdulwadood.
2. To put detention on the steel consignment estimated by (5312) Bundles equals to 10159.96 M /T which is in al-Ma'alla wharf which arrived on board of Yasmina Vessel.
3. Taking out the steel consignment from the wharf, keeping it and protecting it in the applicant's yard.
4. requester of the detention complies and commits to carry out order of the court and not to act freely of the consignment and to maintain it and to facilitate mission of the representative of the court.
5. This applicant discloses the demand against them by our order
6. the concerned authorities in Aden seaport customs have to carry out our order.
7. secretary of the court has to write a minute of the detention after making an inventory of quantity of the goods and to get help of who is suitable to do the mission.
8. Deposit letter of the bank guarantee to treasury of the court.
9. Requester of the detention has to present a suit of the right and of truth detention according to the law
10. Issued in signature and stamp of the first instance commercial court.

Head of the first instance commercial court/Aden
19/8/2007
Judge Mohammed Mahmood Al-Guneidi
stamp of the commercial court, Ministry of Justice, republic of Yemen
issued in Aden 19/8/2007
**Declaration** : I, Ahmed Abdullah Fadaq, Authorized translator, hereby declare that I have translated the above text from Arabic into English